DA 19-0636

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 177N

IN THE MATTER OF:

V.A.L. and J.D.L.,

     Youths in Need of Care.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause Nos. DN 17-70 and DN 17-71
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Michael P. Sinks, Attorney at Law, Bozeman, Montana

     For Appellee:

     Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

     Kirsten H. Pabst, Missoula County Attorney, Jessica Finley, Deputy County
Attorney, Missoula, Montana

Submitted on Briefs:  July 1, 2020

Decided:  July 7, 2020

Filed:

_____
               Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 J.H.L. (Father) appeals the Findings of Fact, Conclusions of Law and Order Terminating the Mother's and Father's Parental Rights and Awarding CFS Permanent Legal Custody with the Right to Consent to Adoption issued by the Fourth Judicial District Court, Missoula County, on October 7, 2019. The Order terminated Father's parental rights to V.A.L. and J.D.L. (Children). We affirm.

¶3 On April 27, 2017, the Child and Family Services Division of the Montana Department of Public Health and Human Services (Department) filed a Petition for Emergency Protective Services, and Temporary Investigative Authority (TIA). Prior to this time, the Department had, since November 2016, been steadily working with the parents to address their unhealthy/unsafe living environment and their lacking/limited parental skills and knowledge under a Voluntary Protective Services Agreement. Subsequent to the TIA petition, both parents stipulated to complete a variety of tasks under TIA to investigate the parents' capacities to parent and provide for the Children's well-being. Despite intensive in-home services, neither parent demonstrated consistent, sustained improvement such that removal of the Children was required and the Department

2

filed a petition for adjudication and temporary legal custody (TLC) on August 2, 2017. At that time, both Children exhibited special needs—V.A.L. was not meeting developmental milestones and not cuing anyone to attend to her needs and there were concerns with J.D.L.'s communication skills.

¶4 Both parents stipulated to adjudication, TLC, and the tasks and goals of their proposed treatment plans. Over the next nearly 2 years, the Department worked intensely with the parents to address their parenting deficiencies. Although the parents completed or engaged in some treatment plan tasks, they did not exhibit sustained improvement— with ongoing housing inconsistency, missed visitations, inability to demonstrate skills taught in parenting courses in interacting with the Children, and inability to address the Children's special needs.

¶5 We review a district court decision to terminate parental rights for an abuse of discretion under the applicable standards of Title 41, chapter 3, MCA. "In this context, a court abuses its discretion if it terminates parental rights based on clearly erroneous findings of fact, erroneous conclusions of law, or otherwise acts arbitrarily, without employment of conscientious judgment, or exceeds the bounds of reason resulting in substantial injustice." *In re D.E.*, 2018 MT 196, ¶ 21, 392 Mont. 297, 423 P.3d 586 (internal quotations omitted). Findings of fact are clearly erroneous if not supported by substantial evidence, the court misapprehended the effect of the evidence, or this Court has a definite and firm conviction that the lower court was mistaken. *In re D.E.*, ¶ 21. We review conclusions of law for correctness. *In re D.E.*, ¶ 21.

3

¶6    Father argues the District Court erred in concluding he would not have rendered himself fit to parent the Children within a reasonable amount of time. Based on the record, we are not persuaded by Father's argument. Although Father completed the SafeCare parenting class twice, worked with a parenting coach, and also completed the Circle of Security Parenting Program, he has not shown the ability to use the skills and knowledge taught in these courses or by the coach in interacting with Children. Further, Father did not consistently attend individual therapy sessions and did not have regular contact with his case manager. Due to his failure to maintain appointments with the nutritionist, this service was cancelled. Likewise, Father was discharged from Child Development Center (CDC) services for failing to consistently attend. Father was not consistent in attending visits and at visits had difficulty maintaining attention such that at times he would fall asleep.

¶7    Although there is no doubt Father loves his Children and desires to be a good parent, he faces considerable individual challenges in parenting because of his mental health and cognitive problems. Father has been diagnosed with potential bipolar disorder, post-traumatic stress disorder, generalized anxiety disorder, and, most primarily, intellectual disability with a Full Scale IQ of 67 and auditory and memory deficits. Unfortunately, due to his generalized cerebral dysfunction coupled with auditory and memory deficits, Father has significantly decreased ability to learn and remember new information such as that needed to address his parenting deficiencies and meet Children's special needs. At the time of the termination hearing, Children had been in an out-of-home

4

placement approximately 27 1/2 months and the parents had been working with the Department for nearly 3 years.[1] Reviewing the record as a whole, we find the District Court did not abuse its discretion in concluding the conduct or condition rendering Father unfit was not likely to change within a reasonable time and in terminating Father's parental rights.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

---

[1] Pursuant to § 41-3-604, MCA, if a child is in foster care for 15 months of the most recent 22 months, termination of parental rights is presumed to be in the child's best interest. Here, Father has failed to overcome this presumption.